UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-09045-MWF (Ex) | **Date:** September 6, 2023 |
| **Title:** Tredomnique C. Slaten v. Experian Information Solutions, Inc. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION [50]

Before the Court is Defendant Experian Information Solutions' ("EIS") Motion to Compel Arbitration (the "Motion"), filed on July 18, 2023. (Docket No. 50). Plaintiff Tredomnique Slaten filed an Opposition on August 7, 2023. (Docket No. 51). Experian filed a Reply on August 14, 2023. (Docket No. 52).

The Court has read and considered the papers filed in connection with the Motion and held a hearing on August 28, 2023, at which only counsel for Defendant appeared. Counsel for Plaintiff did not contact the Courtroom Deputy Clerk before the hearing or since.

The Motion is **DENIED**. The arbitration agreement between the parties does not clearly and unmistakably delegate the question of waiver to an arbitrator. The Court next finds that EIS waived its right to compel arbitration.

I.  **BACKGROUND**

EIS is a consumer reporting agency that provides consumer reports as defined by 15 U.S.C. § 1681(a)(d). (*See* Complaint (Docket No. 1) ¶ 5; Answer (Docket No. 12) ¶ 5)). CreditWorks is a credit monitoring service provided by EIS' affiliate. (Motion at 2).

Plaintiff was a CreditWorks user from August 17, 2020, to August 22, 2022. (Declaration of David Williams ("Williams Decl.") (Docket No. 50-2) ¶¶ 3, 5). To

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 21-09045-MWF (Ex)**                               **Date:  September 6, 2023**
Title: Tredomnique C. Slaten v. Experian Information Solutions, Inc.

create an account with CreditWorks, Plaintiff was required to fill out a webform and agree to the "Terms of Use Agreement."  (*Id.* at 3).  The Terms of Use Agreement contained an arbitration provision (the "Arbitration Provision").  (*See* Williams Decl., Ex. 2).  The Arbitration Provision provides as follows:

> ECS and you agree to arbitrate all disputes and claims between us arising out of this Agreement directly related to the Services or Websites to the maximum extent permitted by law, except any disputes or claims which under governing law are not subject to arbitration.
>
> . . .
>
> All issues are for the arbitrator to decide, including the scope and enforceability of this arbitration provision as well as the Agreement's other terms and conditions, and the arbitrator shall have exclusive authority to resolve any such dispute relating to the scope and enforceability of this arbitration provision or any other terms of this Agreement including, but not limited to any claim that all or part of this arbitration provision or Agreement is void or voidable.

(*Id.* at 11–12).  The Arbitration Provision also defines "ECS," or Experian Consumer Services, to include its "respective parent entities, subsidiaries, affiliates (including, without limitation, our service provider, CSID), agents, employees, predecessors in interest, successors and assigns[.]"  (*Id.*).  Every version of the Terms of Use Agreement during Plaintiff's enrollment in CreditWorks contained an arbitration provision.  (Williams Decl. ¶ 6).

      On November 18, 2021, Plaintiff initiated this action alleging that EIS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, and California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, by producing false, misleading, and inaccurate consumer reports.  (Complaint ¶¶ 1, 18–32).  At the time Plaintiff filed his complaint, CreditWorks' operative Terms of Use Agreement contained the Arbitration Provision.  (*See* Williams Decl., Ex. 3, at 33–34).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-09045-MWF (Ex)          Date: September 6, 2023
Title: Tredomnique C. Slaten v. Experian Information Solutions, Inc.

EIS now moves to compel arbitration, arguing that Plaintiff's claims are subject to mandatory arbitration pursuant to the Arbitration Provision to which Plaintiff agreed in order to access CreditWorks' services. (*See* Motion at 1–3).

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") requires district courts to compel arbitration on all claims subject to arbitration agreements. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4). The FAA creates a general presumption in favor of arbitration. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24–25 (1991). Under the FAA, a party moving to compel arbitration must show "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

"[A] party may challenge the validity or applicability of the arbitration provision by raising the same defenses available to a party seeking to avoid the enforcement of any contract," such as waiver. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1121 (9th Cir. 2008) (internal quotation marks and citation omitted); *see also United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009) (noting that the "right to arbitration, like any other contract right, can be waived").

## III. DISCUSSION

### A. Local Rule 7-3

As a threshold matter, Plaintiff argues that the Motion should be denied based on EIS' failure to comply with Local Rule 7-3. (Opp. at 4–5). Specifically, Plaintiff contends that EIS failed to address waiver despite knowing that it would be an issue. (*Id.*).

EIS responds that the parties met and conferred as required by Local Rule 7-3 and that it was not required to address the issue of waiver in the memorandum supporting its Motion, as opposed to addressing the issue in its Reply. (Reply at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 21-09045-MWF (Ex)**  **Date:  September 6, 2023**
Title: Tredomnique C. Slaten v. Experian Information Solutions, Inc.

It seems to the Court that Plaintiff has conflated two separate issues – the requirement to meet and confer and the rule against raising new issues in a reply. Because the parties sufficiently met and conferred about the waiver issue, Local Rule 7-3 is satisfied. In addition, the Reply responded to the waiver argument in the Opposition without presenting new, independent arguments in favor of arbitration. And, at the very least, Plaintiff was not prejudiced. *See, e.g.*, *Reed v. Sandstone Props., L.P.*, No. 12- 5021, 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013) (consideration of the merits of a motion when the opposing party was not prejudiced).

Accordingly, the Court will consider the merits of the Motion, which is to say whether waiver exists. As the Opposition makes clear, there is no real dispute here that the Arbitration Provision is a valid arbitration agreement between the parties in the absence of waiver. (*See* Opp. at 4).

### B.  **Waiver**

Plaintiff argues that EIS waived its right to compel arbitration. (*Id.* at 5–14). In response, EIS argues that waiver is not an issue for the Court to decide because the Arbitration Provision delegates the issue to an arbitrator and that, in any event, there is no waiver. (Reply at 5–12).

#### 1. **Delegation**

As a preliminary matter, the Court must determine whether it can address the merits of Plaintiff's waiver argument. *See Cox*, 533 F.3d at 1119. The issue of waiver is a "question of arbitrability" that is presumptively for a court to decide. *Martin v. Yasuda*, 829 F.3d 1118, 1123 (9th Cir. 2016). But the parties may choose to have an arbitrator decide that issue by including "clear and unmistakable language to that effect" in the arbitration agreement. *Id.* at 1124.

Two Ninth Circuit cases are instructive. In *Martin*, the Ninth Circuit found that an arbitration provision providing that "all determinations as to the scope, enforceability, and effect of this arbitration agreement shall be decided by the arbitrator, and not by a court" failed to overcome the presumption that the court should

---

**CIVIL MINUTES—GENERAL**                                          4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 21-09045-MWF (Ex)**                              **Date:  September 6, 2023**
Title: Tredomnique C. Slaten v. Experian Information Solutions, Inc.

decide waiver.  829 F.3d at 1124.  In so holding, the Ninth Circuit relied on its earlier decision in *Cox*, where it had addressed the merits of a waiver issue despite an even broader arbitration provision providing that "***any controversy*** involving the construction or application of the terms, provisions, or conditions of this Agreement or ***otherwise arising out of or related to this Agreement*** shall likewise be settled by arbitration."  *Id.* (citing *Cox*, 533 F.3d at 1117 (emphasis added)).  By contrast, the Ninth Circuit in *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011), held that a provision "delegating to the arbitrators the authority to determine 'the validity or application of any of the provisions of' the arbitration clause" was clear and unmistakable evidence that the parties intended to delegate questions of arbitrability—in that case, the scope of the arbitration agreement—to the arbitrator.

Here, the Court finds that the Arbitration Provision does not contain clear and unmistakable language delegating the issue of waiver to the arbitrator.  The Arbitration Provision provides, in relevant part:

> All issues are for the arbitrator to decide, including the scope and enforceability of this arbitration provision as well as the Agreement's other terms and conditions, and the arbitrator shall have exclusive authority to resolve any such dispute relating to the scope and enforceability of this arbitration provision or any other term of this Agreement including, but not limited to any claim that all or any part of this arbitration provision or Agreement is void or voidable.

(*See* Williams Decl., Ex. 2).  The Arbitration Provision is as broad as the provisions in *Martin* and *Cox* and similarly does not mention waiver.  *See Martin*, 829 F.3d at 1124; *Cox*, 533 F.3d at 1117.  Nor is it clear whether the delegation of "[a]ll issues . . . including . . . any claim that all or any part of this arbitration provision or Agreement is void or voidable" unmistakably encompasses waiver resulting from EIS' own conduct in judicial proceedings.  *See DeVries v. Experian Info. Sols., Inc.*, No. 16-02953, 2017 WL 733096, at *10 (N.D. Cal. Feb. 24, 2017) (determining that an identical arbitration provision failed to clearly and unmistakably delegate the issue of waiver to the arbitrator).  *Momot* is distinguishable as it addressed whether a similarly broad

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-09045-MWF (Ex) | **Date:** September 6, 2023 |
| **Title:** Tredomnique C. Slaten v. Experian Information Solutions, Inc. | |

provision encompassed a straightforward question of arbitrability and the scope of the agreement, not waiver. *See* 652 F.3d at 988.

Relying on *Mitchell v. Corelogic, Inc.*, No 17-2274, 2019 WL 6481306, at *4 (C.D. Cal. Apr. 9, 2019), EIS argues that the Arbitration Provision's incorporation of the AAA rules is clear and unmistakable evidence of the parties' intent to delegate the question of waiver to an arbitrator. (*See* Reply at 5–6). *Mitchell* relies on *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015), which held that the incorporation of the AAA rules "constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." But while the Ninth Circuit acknowledged that *Brennan* did not "foreclose the possibility that this rule could also apply to unsophisticated parties or to consumer contracts," it also emphasized that *Brennan*'s holding was limited to arbitration agreements between sophisticated parties. *Id.* at 1131. And here, Plaintiff appears to be an ordinary consumer rather than a sophisticated party, nor does EIS argue anything to the contrary. (Complaint ¶¶ 4–17). In such circumstances, incorporation of the AAA rules on its own does not evince an intent to arbitrate questions of arbitrability. *See Cox*, 533 F.3d at 1117, 1124–26 (assessing waiver despite the arbitration clause incorporating the AAA rules).

EIS also submitted a notice of supplemental authorities flagging *Ewers v. Trans Union, LLC*, No. 22-02474, 2023 WL 5435921 (S.D. Ind. Aug. 17, 2023) for the Court's attention. In *Ewers*, the district court found that an arbitration provision identical to the one here contained "clear and unmistakable evidence" of an intent to delegate the question of waiver to the arbitrator. *Id.* at *1. In so holding, the district court relied on a First Circuit decision holding that an arbitration clause encompassing "any disputes over the interpretation or application of the Agreement" clearly and unmistakably delegated "substantive questions of arbitrability," such as interpretations of a duration clause in the arbitration agreement. *See Unite Here Loc. 217 v. Sage Hosp. Res.*, 642 F.3d 255, 262 (1st Cir. 2011). Because the First Circuit case conflicts with controlling Ninth Circuit authority such as *Cox* and *Martin*, *Ewers* does not change the Court's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-09045-MWF (Ex)          Date: September 6, 2023
Title: Tredomnique C. Slaten v. Experian Information Solutions, Inc.

    Finally, it makes no sense in the absence of clear and unmistakable language to have an arbitrator rule on conduct that occurred in front of the district judge.

    Because the Arbitration Provision does not clearly and unmistakably delegate the question of waiver to the arbitrator, the Court proceeds to the next step of addressing the merits of Plaintiff's argument.

### C.   Merits

    A party asserting waiver must show "(1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right." *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468–69 (9th Cir. 2023). "Although the party opposing arbitration still bears the burden of showing waiver, the burden is no longer heavy." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023) (recognizing that "there is no 'strong federal policy favoring enforcement of arbitration agreements'" after the Supreme Court's holding in *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022)).

    By its own admission, EIS had knowledge of the Arbitration Provision since at least January 27, 2023, if not earlier. (EIS' Responses to Plaintiff's Second Set of Interrogatories (Docket No. 51-1) at 3–4). In fact, EIS concedes that it "could have discovered" that Plaintiff was subject to an arbitration agreement "within 90 days of being served with the Complaint" on December 22, 2021, but that it "inadvertently overlooked conducting this research due to the problems EIS encountered locating Plaintiff's credit file." (*Id.*)

    Because EIS had the requisite knowledge, the Court turns to whether EIS acted inconsistently with its right to compel arbitration. This inquiry requires the Court to consider "the totality of the parties' actions." *Hill*, 59 F.4th at 471 (citation omitted). There is "no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Martin*, 829 F.3d at 1125. Based on the totality of the parties' actions, the Court finds that Plaintiff has met his burden of showing that EIS engaged in intentional acts inconsistent with its right to arbitrate. (Opp. at 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 21-09045-MWF (Ex)**                                **Date:  September 6, 2023**
Title: Tredomnique C. Slaten v. Experian Information Solutions, Inc.

The Court's finding of waiver is based on the following facts:

*First*, EIS' delay in moving to compel arbitration "indicate[s] a conscious decision to continue to seek judicial judgment on the merits of the arbitrable claims, which [is] inconsistent with a right to arbitrate." *Martin*, 829 F.3d at 1125 (citation omitted).  EIS first moved to compel arbitration after eighteen months of litigation.  (*See* Docket No. 46).  Even after accounting for the fact that EIS first became aware of the Arbitration Provision on January 27, 2023, EIS waited at least five months before moving to compel arbitration.  *Compare id.* (noting that the defendants acted inconsistently with their right to arbitrate, in part, because they "did not even note their right to arbitration until almost a year into the litigation and did not move to enforce that right until well after that time), *with Armstrong*, 59 F.4th at 1015 (finding no waiver, in part, because the defendant "moved to compel arbitration promptly" after a decision in a relevant Supreme Court case).  EIS provides no reason for the five-month delay.

*Second*, EIS' actions in this litigation suggest that it intentionally abandoned its right to arbitration.  Since the Complaint was filed, EIS has met and conferred with Plaintiff's counsel, joined a motion for a protective order, sought to extend discovery deadlines multiple times, responded to written discovery, produced documents, participated in discovery conferences, and submitted a Joint Rule 26(f) Report.  *See Martin*, 829 F.3d at 1126 (finding waiver, in part, because the defendants entered into a protective order and answered discovery); *Gile v. Dolgen Cal., LLC.*, No. 21-56311, 2022 WL 17248087, at *1–2 (9th Cir. Nov. 28, 2022) (finding that the defendant sought judicial judgment on the merits of arbitrable claims based, in part, on its "extended silence and delay" in moving for arbitration and filing a joint Rule 26(f) report); *Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1067 (C.D. Cal. 2011) (finding that the defendant availed itself to the court, in part, by "negotiating and entering into a protective order" and "participating in meetings and scheduling conferences to establish case management dates").

Even if the Court were to just consider EIS' actions after January 27, 2023, EIS joined two motions to extend discovery deadlines and participated in a court-ordered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 21-09045-MWF (Ex)**                          **Date:  September 6, 2023**
**Title: Tredomnique C. Slaten v. Experian Information Solutions, Inc.**

mediation on June 14, 2023, pursuant to Local Rule 16-15.  (*See* Joint Motion to Extend Discovery Cut-off Date to 7/5/2023 (Docket No. 36); Joint Motion to Extend Discovery Cut-off Date to 9/19/2023 (Docket No. 44); Order/Referral to Alternative Dispute Resolution Procedure (Docket No. 21); Mediation Report (Docket No. 47)).

***Third***, EIS made representations to the Court suggesting that it would not seek to compel arbitration.  In the parties' Joint Rule 26(f) Report, EIS stated that it "anticipates it may file a motion for summary judgment" on issues going to the merits of Plaintiff's claims.  (*See* Joint Rule 26(f) Report (Docket No. 19) at 5).  At no point did EIS raise the potential of arbitration in the Joint Rule 26(f) Report, its Answer, or any other prior filing.

In response, EIS argues that there is no waiver because it never litigated the merits of this case.  EIS is correct that "a party generally 'acts inconsistently with exercising the right to arbitrate when it . . . actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court.'"  *Armstrong*, 59 F.4th at 1015; *see also Martin*, 829 F.3d at 1126 (finding waiver, in part, because the defendants filed "a motion to dismiss on a key merits issue").  Conversely, several cases have found no waiver where a party seeking to compel arbitration did not seek a merits-based ruling.  *See Armstrong*, 59 F.4th at 1016 (finding no waiver because the defendant never sought a ruling on the merits, and never "waffl[ed] about whether to arbitrate or stay in district court"); *Capps*, 2023 WL 3030990, at *7 (holding that providing initial disclosures and propounding requests for admission, requests for production of documents, and interrogatories was insufficient to establish waiver).  However, these cases are inapposite given EIS' significant delay in filing its Motion, its participation in this litigation, and its silence on the issue of arbitration until now.  The Court doubts that EIS' counsel could truly know themselves, let alone prove to the Court, that the activities in this forum did not prompt the desire for litigation.

Moreover, there is "no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate."  *Martin*, 829 F.3d at 1125.  Therefore, seeking a decision on the merits is just one consideration that "***may*** satisfy this element."  *Id.* (emphasis added).  In other words, a merits-based decision is neither

---

**CIVIL MINUTES—GENERAL**                                                                                   9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-09045-MWF (Ex)                        **Date:**  September 6, 2023
Title: Tredomnique C. Slaten v. Experian Information Solutions, Inc.

sufficient nor necessary to demonstrate that EIS acted inconsistently.  *See, e.g.*, *Plows*, 812 F. Supp. at 1067 (finding waiver without a judicial decision on the merits).  Nor is the lack of a merits-based decision from the Court, by itself, enough to rebut the multiple ways in which EIS acted inconsistently with its right to compel arbitration.

   Accordingly, the Motion is **DENIED**.

   IT IS SO ORDERED.